IN THE DISTRICT COURT OF SEQUOYAH COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ABDIRIZAK ABDULLAHI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CJ-21-5C |
| CEVA GROUND US, LP, ABDINOR SALAD OLOW, and ARMIS ADVISERS as Representative of the Estate of ADRIANNE LANEAL SISCO, Deceased, | ) |
| Defendants. | ) |



SEQUOYAH COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT
APR 06 2021
GINA L. COX, COURT CLERK
BY _____ DEPUTY

## ORIGINAL PETITION

COMES NOW the Plaintiff and for his causes of action against the Defendants, alleges and states as follows:

1. This case arises out of a collision that occurred on April 11, 2019, in Sequoyah County, Oklahoma.

2. On April 11, 2019, Defendant Olow was driving a tractor-trailer leased to and operated by CEVA Ground US, LP ("Ceva") westbound on Interstate 40 when he crashed into the rear-end of a vehicle in front of him ("Subject Collision"), causing serious and permanent injuries to Abdirizak Abdullahi – a passenger in the sleeper berth of the tractor-trailer driven by Defendant Olow.

3. Defendant Ceva Ground US, LP, ("Ceva") a limited partnership, wholly owned by Ceva Limited. Ceva Limited is wholly owned by Ceva Group, Plc. Ceva Group Plc is owned by Ceva Logistics, which is incorporated in the Cayman Islands and headquartered in The Netherlands. Ceva Logistics has US headquarters in Houston, Texas.



EXHIBIT 1

4. At all relevant times, Defendant Abdinor Salad Olow is and was a resident of Columbus, Ohio.

5. Defendant Ceva regularly and routinely operates tractor-trailers hauling cargo for-hire throughout the State of Oklahoma, including Sequoyah County.

6. Adrianne Laneal Sisco was the driver of the 2010 Honda Civic with which Defendant Olow collided. Unfortunately, Ms. Sisco passed away at or near the time of the Subject Collision.

7. On April 16, 2019, Defendant, ARMIS ADVISERS, was appointed as the Special Administrator and Personal Representative of the Estate of Adrianne Laneal Sisco, deceased. Defendant resides in Claremore, Rogers County, Oklahoma. The Order Appointing ARMIS ADVISERS and Letters of Administration are attached hereto as Exhibit 1.

8. This Court has appropriate jurisdiction and venue over this civil action and the parties hereto.

## FACTS

9. The Plaintiff incorporates each and every assertion and allegation in the above paragraphs above, as though fully rewritten herein, and the Plaintiff further alleges:

10. On or around April 11, 2019, Defendant Salad was operating a 2014 Freightliner tractor trailer heading west bound on Interstate 40 in Roland, Oklahoma near mile marker 327.

11. This tractor trailer was owned by Nonoma Enterprises, LLC but leased to Defendant Ceva to carry out the shipping and logistical needs of

Defendant Ceva under the authority and auspices of Defendant Ceva's authority to operate as an interstate, for-hire motor carrier, bearing Defendant Ceva's US DOT Number (1183746), name, and logo.

12. Defendant Ceva controls over 70,000 scheduled linehaul segments per year. With seven hubs and 62 stations in North America, CEVA drivers haul approximately 8,000 loads and travel over 7.5 million miles every month.

13. On April 11, 2019, Defendant Olow, driving a tractor-trailer under Defendant Ceva's USDOT number, rear-ended a vehicle on Interstate 40 near Roland, Oklahoma.

14. At all relevant times, the plaintiff, Abdirizak Abdullahi, was a passenger in the sleeper berth of the Ceva tractor-trailer and suffered serious and permanent injuries as a result of the Subject Collision caused by Defendant Olow.

15. The collision was caused by the negligence of Defendant Olow as follows:

   A. He failed to yield to the vehicle in front of him on the roadway;

   B. He failed to keep a proper lookout;

   C. He failed to maintain a safe distance between his vehicle and the vehicle in front of him;

   D. He violated Statutes of the State of Oklahoma and regulations regarding the safe operation of a commercial motor vehicle; and

   E. He was otherwise negligent as will be more fully set forth after discovery is completed.

16. At the time of the Subject Collision, Defendant Ceva was the operator and responsible motor carrier for the tractor-trailer being driven by Defendant Olow.

17. At all relevant times, Defendant Olow was an agent, servant, and/or employee of Defendant Ceva and was acting within the course and scope of his employment with Defendant Ceva. Therefore, Defendant Ceva is vicariously liable for the negligence and recklessness of its driver based on the theory of Respondeat Superior.

18. Further, Defendant Ceva was negligent by:

   A. Choosing to retain Defendant Olow as a commercial motor vehicle driver even though it knew or should have known that Defendant Olow was not safe, competent, or qualified to operate a commercial motor vehicle.

   B. Failing to adequately supervise Defendant Olow in that if it had it would have known that Defendant Olow was not safe, competent, or qualified to operate a commercial motor vehicle.

   C. Failing to properly train Defendant Olow and/or ensure that Defendant Olow possessed the requisite knowledge and skills to safely operate a commercial motor vehicle;

   D. Entrusting its vehicle to Defendant Olow when it knew or should have known that Defendant Olow was not safe, competent, or qualified to drive the vehicle that he was driving on the day of the Subject Collision.

## COUNT I – NEGLIGENCE AS TO DEFENDANT OLOW

19. The allegations contained in the above paragraphs are reiterated and reincorporated as though fully rewritten herein, and the Plaintiff further alleges:

20. Companies, and their agents, servants, employees, and/or drivers must never needlessly endanger anyone.

21. Companies, and their agents, servants, employees, and/or drivers must operate safely to prevent harm to the public.

22. Companies, and their agents, servants, employees, and/or drivers must comply with all applicable and regulatory requirements to prevent harm to the public, specifically tractor-trailer crashes.

23. Companies, and their agents, servants, employees, and/or drivers must exercise ordinary and reasonable care for the protection and safety of all motorists on the highway.

24. At all relevant times, Defendant Olow owed a duty to the Plaintiff to operate his truck in a reasonably safe manner, to maintain control of his vehicle at all times, to maintain an assured cleared distance from other vehicles on the road, and to operate the truck in a lawful manner and abide by all state and local traffic laws.

25. Defendant Olow breached his duty to the Plaintiff in the following ways:

  A. Failed to keep a proper lookout and make a safe search ahead of his tractor-trailer;
  B. Tailgated the vehicle in front of him,
  C. Failed to recognize slowing traffic ahead;
  D. Failed to maintain control of his vehicle;
  E. Failed to maintain an assured clear distance from the vehicle ahead of him;

F. He violated Statutes of the State of Oklahoma and regulations regarding the safe operation of a commercial motor vehicle;

26. As a direct and proximate result of Defendant Olow's negligence and recklessness, the Plaintiff suffered serious and permanent injuries.

### COUNT II – VICARIOUS LIABILITY AS TO DEFENDANT CEVA

21. The allegations contained in the above paragraphs are reiterated and reincorporated as though fully rewritten herein, and the Plaintiff further alleges:

22. Upon information and belief, at all relevant times, Defendant Olow was operating a 2014 Freightliner truck leased to and operated by Defendant Ceva, within the course and scope of his employment and/or agency with Defendant Ceva.

23. As employer or principal of Defendant Olow, Defendant Ceva is vicariously liable for the negligence, gross negligence, willful and wanton negligence, and conscious disregard for the life and safety of others by Defendant Olow, the damages proximately caused, and any punitive or exemplary damages.

24. Defendant Ceva was the motor carrier for the load that was being hauled by Defendant Olow and had retained the right of control over Defendant Olow at all relevant times.

26. Defendant Ceva is also vicariously liable for the incident as a motor carrier for the load that Defendant Olow was hauling, and a statutory employer of Defendant Olow, under the Federal Motor Carrier Safety Administration regulations and under the leasing agreement between the Defendants.

## COUNT III – NEGLIGENT AND RECKLESS RETENTION AS TO DEFENDANT CEVA

27. The allegations contained in the above paragraphs are reiterated and reincorporated as though fully rewritten herein, and the Plaintiff further alleges:

28. Upon information and belief, Defendant Ceva hired Defendant Olow to drive a large tractor trailer with gross vehicle weight ratings in excess of 26,001 pounds on US roadways for the purpose of transporting and delivering goods for which Defendant Ceva was hired to transport.

29. The operation of large, tractor trailers on public roadways presents a risk of harm or injury to the motoring public and such risk is greatly exacerbated by the hiring and retention of individuals who are unfit or not properly qualified to operate such tractor trailers.

30. Upon information and belief, Defendant Olow was neither properly trained, nor properly qualified to safely operate Defendant Ceva's tractor-trailer. Defendant Olow's operation of the tractor-trailer violated numerous Federal Motor Carrier Safety Regulations and safe driving practices in the course of causing the subject collision.

31. At all relevant times, Defendant Ceva owed a duty to the Plaintiff, and the public at-large, to conduct a reasonable investigation into Defendant Olow's understanding and knowledge of the Federal Motor Carrier Safety Regulations to determine if he was qualified and fit to safely operate a tractor trailer leased by, and on behalf of, Defendant Ceva. Defendant Ceva has a duty to only hire drivers that are qualified and and possess the requisite knowledge and skills to safely driver heir tractor-trailers.

32. The operation of large tractor trailers is a safety-sensitive activity and Defendant Ceva should have reasonably foreseen the risk caused by hiring or retaining a driver that was not fit or qualified to safely operate Defendant Ceva's tractor-trailer.

33. At all relevant times, Defendant Ceva owed the Plaintiff a duty to act reasonably in its hiring, retention, and training of employees whom it hired to operate its tractor-trailers on the public roadways.

34. Defendant Ceva breached these duties by (a) failing to conduct a reasonable investigation into Defendant Olow in relation to the job for which he was expected to perform, (b) hired Defendant Olow to drive its tractor-trailers when it knew or should have known that Defendant Olow was not qualified to do so safely, (c) failing to ensure that Defendant Olow possessed the requisite knowledge and skills in order to safely operate a large commercial motor vehicle and avoid collisions such as the Subject Collision, and (d) failing to otherwise act as a reasonable company would act under the same or similar circumstances.

35. After Defendant Olow was negligently and recklessly hired/retained to operate tractor trailers without a proper and reasonable investigation into his ability to understand the Federal Motor Carrier Safety Regulations, Defendant Olow seriously injured the Plaintiff.

**COUNT IV – NEGLIGENCE OF ADRIANNE LANEAL SISCO**

36. The allegations contained in the above paragraphs are reiterated and reincorporated as though fully rewritten herein, and the Plaintiff further alleges:

37. At the time of the accident, Decedent Adrianne Sisco owed a duty to the Plaintiff to operate her vehicle in a reasonably safe manner, to maintain control

of her vehicle at all times, and to operate her vehicle in a lawful manner and abide by all state and local traffic laws.

38. Defendant Sisco breached her duty to the Plaintiff in the following ways:

    a. Operated her vehicle while intoxicated;

    b. Brought her vehicle to a stop in an active lane of travel;

    c. Failed to yield to the flow of traffic;

    d. Failed to otherwise adhere to the laws enumerated in the state and municipal codes/ordinances;

39. As a result of the negligence of each Defendant, Plaintiff suffered injuries and damages in excess of $75,000.00 as follows:

    A. Past medical expenses;

    B. Past physical pain and suffering;

    C. Future physical pain and suffering;

    D. Past mental pain and suffering;

    E. Future mental pain and suffering;

    F. Past lost wages;

    G. Future lost wages;

    H. Loss of earning capacity

    I. Permanent impairment;

    J. Disfigurement;

    K. Other damages to be more fully set forth after discovery is completed.

WHEREFORE, the Plaintiff prays for judgment against the Defendants for the injuries and damages set forth above, costs of suit herein incurred, interest and such other and further relief as the Court deems just and equitable.

                Respectfully submitted,

                CARR & CARR ATTORNEYS

By: _____
Michael E. Carr, OBA #22520
4416 South Harvard Avenue
Tulsa, OK 74135
Telephone: (918) 747-1000
Facsimile: (918) 747-7284
***Attorneys for Plaintiff***